## KOCH *v.* KIMBERLING.

Decided March 12, 1892.

| | |
|---|---|
| 55 | 547 |
| 74 | 323 |
| 75 | 349 |
| 75 | 572 |

1. *Jurisdiction—Justice of the peace—Matters of contract.*
    Sec. 40 of art. 9 of const. of 1874, which gives to justices of the peace limited jurisdiction "in matters of contract," embraces a suit for unliquidated damages for the breach of a contract.

| | |
|---|---|
| 55 | 547 |
| f78 | 379 |
| f79 | 68 |
| f79 | 179 |
| f81 | 328 |
| 55 | 547 |
| 83 | 136 |
| f 84 | 555 |

2. *Practice in the Supreme Court—Abstracts.*
    The Supreme Court will not consider appellant's exceptions to the trial court's instructions if not set out in his abstract, in accordance with rule 9; nor will the admissibility of evidence be inquired into where the abstract does not show that objection was made at the trial or exception saved, or that a new trial was asked on that ground.

| | |
|---|---|
| 55 | 547 |
| 87 | 206 |
| 55 | 547 |
| 90 | 103 |

APPEAL from *Logan* Circuit Court.

HUGH F. THOMASON, Judge.

Kimberling brought suit against Koch before a justice of the peace to recover damages for breach of a verbal contract, entered into about January 1, 1890, by which Koch rented a blacksmith shop and set of tools to him during the year 1890 for one-half of the receipts. After plaintiff had worked in the shop two weeks under the contract, Koch rented the shop and tools to other parties. Judgment was recovered by plaintiff in the magistrate's court and in the circuit court.

*Sandels & Hill* for appellant.

1. The justice had no jurisdiction. 36 Ark., 268; *ib.,*

454; 31 *id.*, 486; *ib.*, 219; const., art. 7, sec. 40.   A suit on the contract and for damages for breach of it are two separate things.

2.   Plaintiff could only recover damages suffered to the date of judgment, less amount received.   2 Suth., Dam., 471, 476.

The appellee *pro se.*

1.   The jurisdiction of the justice is sustained by 41 Ark., 476; 42 *id.*, 214.

2.   As to the damages recoverable, see 43 Am. Dec., 204, and note; 7 Fed. Rep., 641; 19 *id.*, 59; 65 Mo., 549.

**1. Jurisdiction of magistrates in matters of contract.**   COCKRILL, C. J.   Justices of the peace have jurisdiction "in matters of contract" where the amount involved does. not exceed $300,   Art. 7, sec. 40, const. 1874.   The term "matters of contract" embraces a suit for unliquidated damages when the suit is founded upon contract.   *Stanley* v. *Bracht*, 42 Ark., 210; *St. Louis, etc. R. Co.* v. *Heath*, 41 *id.*, 477; *Bullinger* v. *Marshall*, 70 N. C., 520; *B. & O. Telegraph Co.* v. *Lovejoy*, 48 Ark., 301.   The short written statement, filed before the justice in lieu of a complaint in this cause, declares upon the contract alleged to have been entered into between the parties, and seeks damages for its breach.   The action, though for unliquidated damages, is *ex contractu.*   The justice therefore had jurisdiction.

It is conceded by the appellant that the damages suffered by the appellee down to the date of the judgment were recoverable.   The amount of the verdict is not in excess of the damages proved by the appellee's testimony to cover that period.   We cannot therefore disturb it.

**2. Practice under rule 9.**   The appellant argues that the court erred in refusing to charge the jury as requested by him, but his exception on that score has not impressed him as being serious enough to require him to point out the error by setting out the prayers. in his abstract in accordance with the rules.   We therefore take it as a waiver of the objection.

Questions on the admissibility of evidence are also al—

luded to in the printed argument, but the abstract does not show that any objection was made at the trial or exception saved, or that a new trial was asked on that ground.

We treat the case therefore as though all these steps had been omitted.

Affirm.