NEAL *v.* BRANDON.

Opinion delivered February 25, 1905.

JUDGMENT—RES JUDICATA.—A judgment rendered by a court of competent jurisdiction on the merits is a bar to any future suit between the same parties or their privies upon the same cause of action, as long as it remains unreversed.

Appeal from St. Francis Circuit Court.

HANCE N. HUTTON, Judge.

Reversed.

*J. R. Beasley,* for appellant.

The court destroyed its jurisdiction by striking out the defendant's pleas and denying defendant a hearing. 93 U. S. 274; 29 Ark. 81; 2 Estee, Pl. § 3274; 6 Ark. 250; Sand. & H. Dig. § 5820.

*N. W. Norton,* for appellee.

Appellant's abstract presents nothing for this court to consider. 55 Ark. 547; 57 Ark. 304; 58 Ark. 448; 59 Ark. 1.

HILL, C. J. 1. Neal executed a mortgage to Brandon & Baugh on three mules, and they brought replevin for the mules after default, and issues were raised as to the indebtedness secured by the mortgage, and other matters. After a judgment in favor of Brandon & Baugh, an appeal was taken to this court, and the judgment reversed. *Neal v. Brandon,* 70 Ark. 79.

On the remand of the case, it was tried upon the issue as to whether Neal was indebted to Brandon & Baugh; if so, what amount. Included in the account in controversy was an account for which it was alleged on one side, and denied on the other, that Neal was liable. These issues were submitted to a jury, and a verdict reached finding the indebtedness to be the amount claimed by Brandon & Baugh, towit: $219.20 on account, and $34.21 interest, and finding one mule retained under bond to be of the value of $75 and damages for its use to be $35.

A judgment in usual terms was entered upon this verdict against Neal for full amount of the account and interest, and in addition thereto there was a judgment against Neal and his surety on the bond for the ascertained value of the mule and damages for its detention in the event that the judgment for the full amount and costs was not satisfied in ten days. This judgment was under authority of the act of May 23, 1901, providing for the settlement of account in replevin suits between mortgagor and mortgagee and rendering judgment therein. Kirby's Dig. § 6869. This judgment was rendered March 21, 1902, and Neal appealed, and on October 15, 1904, this court affirmed the judgment, an oral opinion being delivered by Mr. Justice Hughes.

On the 9th day of June, 1902, Brandon & Baugh brought suit in justice court against Neal on the same account which had been in controversy in the replevin suit. On appeal to the circuit court this suit terminated in a judgment in favor of Brandon &

—11

Baugh for the amount of said account, less credits for two mules secured under the mortgage or judgment aforesaid. From this judgment Neal has appealed. Various questions are presented, and, as one is decisive of the case, the others need not be discussed. Neal interposed as a defense that the account upon which he was sued had been litigated in the former suit, which was then pending in the Supreme Court. This defense was sustained by the introduction of the pleadings and judgment in the former suit, showing fully the facts above briefly summarized. This was a good defense, and, being sustained by proper evidence, the court should have rendered judgment against Brandon & Baugh in this action. It is contended that the judgment in the replevin suit was binding as to the indebtedness therein found, but that it would not be safe to rely upon it as a judgment for all· purposes; that it could be held that it would not support an execution; that it was only intended to furnish a means of settlement; and, in order to have a judgment enforceable by execution, this suit was brought. The judgment in question is in usual and apt terms, and it seems fully within the purview of the statute which authorizes the ascertainment and settlement of the accounts and judgment "for the property or the balance due thereon." The act was passed to permit an adjustment of accounts between mortgagor and mortgagee, and remedy the former law permitting recovery in replevin suits in such cases, where any amount was due, putting the mortgagor to a further suit to adjust the accounts, and that after his property had been taken, and in some instances for very small balances.

The law, being remedial in its nature, must receive a liberal construction to effectuate its object and intent. The judgment in question in the replevin suit settled all matters between the parties in issue therein, and was a bar to this suit. Mr. Black puts it this way: "A judgment rendered by a court of competent jurisdiction, on its merits, is a bar to any future suit, between the same parties or their privies, upon the same cause of action, so long as it remains unreversed." 2 Black, Judgments, § 504.

2. It is earnestly insisted by the appellees that the judgment should be affirmed on account of the failure of appellant to comply with Rule IX in abstracting the record. That rule is disregarded in the abstract, which is prepared in such a way as

to require each of the judges of the court to take the transcript and therein find the pleadings, records and evidence referred to in the abstract. The rule is intended to obviate this very slow and laborious method of ascertaining the facts of a case. The rule requires "an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts and documents upon which he (appellant) relies, together with such other statements from the record as are necessary to a full understanding of all questions presented to this court for decision. The abstract shall contain full reference to the pages of the transcript." This rule has been in force twenty years, and the court has often said that no matters will be considered except those properly abstracted in accordance therewith. Mr. Justice Mansfield, speaking for the court, said: "The appellants in their brief admit, either expressly or by implication, that evidence was produced as to matters embraced in the other findings. But they do not make even the shortest statement of what such evidence was, and content themselves with a mere reference to it by way of insisting upon its insufficiency. The rules of practice do not make it our duty to explore the transcript for the evidence thus omitted; and, as it is not before us, we presume, in favor of the decree, that the court's second, third and fourth findings are correct." *Ruble* v. *Helm,* 57 Ark. 304.

Chief Justice Cockrill, speaking for the court in *Koch* v. *Kimberling,* 55 Ark. 547, said: "The appellant argues that the court erred in refusing to charge the jury as requested by him, but his exception on that score has not impressed him as being serious enough to require him to point out the error by setting out the prayers in his abstract, in accordance with the rules. We therefore take it as a waiver of the objection." See also *Rosewater* v. *Schwab,* 58. Ark. 448, and *Savage* v. *Lichlyter,* 59 Ark. 1, for other instances where the court has refused to explore the transcript, and treated all matters not presented in the abstract as waived.

In the Federal appellate courts, and many States, the entire record is required to be printed, as well as the abstracts and briefs. The appellate procedure in this State relieves the litigant of that expensive burden, but requires that he fully abstract the case and print it, so that each judge of the court may have the case in a condensed form. When this is done, all extraneous

matters and abandoned questions do not appear, and the real questions are briefly presented to the court. Appropriate references to the transcript are required for reference to settle disputed points between counsel, and to afford the court the opportunity of more fully looking into any question upon which the abstract is not full enough. It is thought that a full compliance by the lawyers with this rule will. materially assist the court, and.will enable them to concisely and strongly present their cases. In the case at bar the abstract furnishes the court appropriate references to the transcript, thereby enabling it to explore it if desired, but does not set out the material parts of the pleadings, proceedings, facts or documents upon which the appellant relies for a reversal.

The court. would be justified, under the previous decisions of this court, and in furtherance of the orderly conduct of its business, in declining to go into the transcript for information · which should be found in the abstract; but as this rule has not been rigidly enforced for some years, the court has decided, in this instance, to deny appellant any costs in this court, instead of affirming the case for noncompliance with the rule.

The judgment is reversed, and the cause dismissed here; but the costs of this court (not including the transcript) are adjudged against the appellant.