ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.*
BOYLES.

Opinion delivered April 16, 1906.

1.  APPEAL—PRESUMPTION FROM INSUFFICIENCY OF ABSTRACT.—Where plaintiff sued and recovered damages for defendant's negligence, and defendant, on appeal, failed to set out the evidence on the subject of negligence, it will be presumed that the evidence sustained the verdict. (Page 377.)

2.  SAME—SUFFICIENCY OF ABSTRACT.—Objections to the admission of evidence will not be considered on appeal where it does not appear from appellant's abstract that there was a motion for a new trial. (Page 377.)

3.  SAME—HARMLESS ERROR—ADMISSION OF EVIDENCE.—Where uncontradicted evidence showed that appellant was guilty of negligence as charged, which constituted the proximate cause of the injury sued for, error of the court in admitting evidence of other negligence not charged and in permitting counsel to make reference thereto was not prejudicial. (Page 377.)

4.  SAME—SAVING EXCEPTION IN MOTION FOR NEW TRIAL.—Error of the court in refusing an instruction asked will not be considered on appeal unless the exception is preserved in the motion for new trial. (Page 378.)

5.  SAME—FAILURE OF ABSTRACT TO SET OUT INSTRUCTIONS.—Error of the court in refusing an instruction asked will not be considered on appeal where appellant's abstract fails to set out the other instructions given by the court. (Page 379.)

6.  MASTER AND SERVANT—ASSUMPTION OF RISKS.—A servant, by continuing in the master's service, does not assume the risk incident to the negligence of the master in failing to furnish him a safe place to work. (Page 379.)

7.  INSTRUCTION—AMOUNT OF DAMAGES.—It was not error to instruct the jury that in no event should their verdict be for more than the amount sued for, if they were also instructed that their finding must be based on the evidence. (Page 380.)

Appeal from Franklin Circuit Court; *Jeptha H. Evans,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellee was in the employ of appellant as "cable man" in a crew that was engaged in construction work on appellant's roadbed. The crew used a construction train, consisting of an engine, tender, and three cars, and on the day appellee was injured the crew was engaged in hauling dirt and unloading it. The train was on a side track, and was backing on to the main line at the

rate of eight or ten miles an hour. The switch which connected the side track with the main line had not been thrown, so as to let the cars out, and appellee, who was riding on one of the cars, seeing the condition of the switch, and believing that the cars were going to be derailed, sprang to the ground. He was seriously injured, having his ankle thrown partly out of place, and badly sprained. He brought suit against appellant, alleging, with more or less repetition, as the gist of his action, that "the conductor in charge of the train wrongfully and negligently allowed the engineer to start up and move said train and engine without having first adjusted and thrown said switch so as to connect the rails leading from the side track to the said main line." He prayed judgment in the sum of $2,000. The appellant denied all material allegations of the complaint, and set up as an affirmative defense contributory negligence.

There was a jury trial, and a verdict and judgment for $500.

*Lovick P. Miles* and *Oscar L. Miles,* for appellant.

1.  It was error to admit testimony as to a conversation between the conductor and engineer, prior to the time of the accident and of the starting of the train, tending to show that the latter was intoxicated. The facts germane to the case were as to the speed of the train as it approached the switch, the failure of the crew to throw the switch, and the nature of the danger apparent to plaintiff at the time he jumped. Above testimony was therefore not admissible. 58 Ark. 179; 61 Ark. 52; 66 Ark. 500; 70 Ark. 562; 55 Fed. 595; 119 U. S. 99; 57 Ga. 232.

2.  In commenting on the foregoing evidence, counsel for appellee made use of language, without rebuke from the court, which was improper, and prejudicial to the appellant. This was error for which the cause should be reversed. 58 Ark. 353; 61 Ark. 138; 63 Ark. 174; 56 Ark. 626; 70 Ark. 305.

3.  Appellant asked an instruction to the effect that if the jury found that appellee knew that in leaving side tracks it was the custom not to stop, but to slow down engines before reaching switches, and for an employee to run ahead and open the switch while the engine moved forward, and appellee without protest continued to work with a crew known to him to so act, then he assumed the risk of accidents and injuries from such movement of trains. It was error to refuse this instruction. 54

Ark. 297; 56 Ark. 206.  Failure to instruct the jury upon appellant's theory of the case is ground for reversal.  16 Ark. 308; 52 Ark. 45.  The court erred in its instruction numbered 5, in that it indicates to the jury the amount of their verdict.  The amount sued for in the complaint has nothing to do with the amount of the verdict, since the jury, in assessing compensatory damages, must be governed by the testimony to show the extent of the pecuniary injury.  The court ought not to direct the attention of the jury to the amount claimed in the complaint.  58 Ark. 140.

*Sam R. Chew,* for appellee.

1.  Under the proof, it was the duty of the conductor to see that the switches were properly adjusted before starting out of the side track, and it was the duty of the engineer jointly with the conductor to look after the condition and position of the switches.  The question of negligence on their part was one of fact for the jury; hence it was competent to show their condition at and immediately preceding the happening of the accident.  12 Ark. 782; 48 Ark. 333; 70 Ark. 558; 43 Ark. 99.

2.  An objection to remarks of counsel is not sufficient, and can not avail on appeal, unless it was pressed to the point of a ruling by the court on the language objected to, and an exception saved to that ruling.  85 S. W. (Ark.), 428.

3.  There was no error in the 5th instruction complained of.  It is true that it concluded with the direction that in no event should they find for more than $2,000, the amount sued for, yet the instruction throughout limits the jury to the damages sustained as shown by the proof—to such reasonable sum as in their judgment from the evidence would compensate him for the injuries, if any, which he had sustained.  Moreover, the amount of the verdict—one-sixth of the amount sued for—is conclusive that the jury were not misled, nor the appellant prejudiced, thereby, 58 Ark. 140.  The instructions given defined and applied appellant's liability.  57 Ark. 306; 55 Ark. 249; 67 Ark. 209.

4.  Upon the facts disclosed in evidence there could have been no other verdict than for appellee, and this court will not reverse the case for error in the instructions.  54 Ark. 289; 56 Ark. 594; 62 Ark. 228.

Wood, J., (after stating the facts.)   1.   Appellant in its brief contends that evidence of a conversation between the conductor and the engineer before the train started out in which the conductor asked the engineer "if he was not drunk," and the engineer's reply thereto, and of the appearance of the engineer, that "he seemed excited," was improper and prejudicial.   The appellant does not abstract the evidence at all bearing upon the question of whether or not the conductor was negligent in allowing the engineer to start up and move the train and engine without first adjusting the switch so as to let the construction train on to the main line.   This was the gravamen of the charge as to the negligence of the company.   Without this, even if the above testimony were irrelevant or incompetent, it would be impossible for us to say whether or not it was prejudicial. Because, if the uncontradicted proof should show that the appellant's conductor was negligent in the manner charged, it would be wholly immaterial whether the engineer was drunk or sober just before the train started to pull out.   The objection therefore could not avail appellant on the abstract he makes, and for the further reason that there is no reference to the motion for new trial in appellant's abstract, without which it is impossible for us, without "exploring the transcript," to determine whether his exception to the court's ruling was preserved.   Appellant's objection to this testimony, therefore, could not avail here.   But appellee has not seen proper to object to appellant's abstract, and ask for an affirmance for defects therein.   On the contrary, he has set out a full abstract of the testimony from his standpoint on the question of appellant's negligence.   From this, it appears, quoting from the language of one of the witnesses, that "it was the duty of the conductor to look after the condition and position of the switches.   It is the duty of the conductor to see that the switches are thrown and properly adjusted with the main line before starting out of the side track.   The engineer has control of the fireman and brakeman around the engine pertaining to the company's property and safety of the train.   The fireman is subject to the command of the engineer.   The engineer has control of the head brakeman when he is on the engine.   This flagman or head brakeman is compelled to obey the orders of the engineer." This testimony is undisputed, and appellant does not deny

that a failure on the part of the conductor to perform that duty would be negligence. Conceding, therefore, without deciding, that the testimony of what the conductor asked the engineer about his being drunk, and the appearance of the engineer, was irrelevant and incompetent, it did not go to the question of the negligence of the conductor in failing to throw the switch, and could not have been prejudicial. If the proximate cause of the injury was the negligence of the conductor in failing to see that the switch was thrown before starting the train out of the side track, and this was conclusively established, then it was wholly immaterial whether the engineer was drunk or sober, and the testimony could not have been prejudicial.

2. The same may be said of the remarks of counsel for appellee in his opening statement to the jury, which were as follows: "I have an idea that the whole crew was drunk and drinking. They had been to Van Buren the night before, and it is reasonable to suppose that they laid in a supply of whisky."

3. Appellant presents in its abstract testimony tending to prove that it was a "very common thing" for engines to approach switches and continue their movements, and for brakemen to run ahead and throw the switch, while the train continued to move, and that such had been the custom on this train, and that such was attempted by a brakeman on this train when the injury occurred, but that the attempt failed because the "switch point hung, and it raised the flange, and the engine, tender, and one pair of trucks of the ledgerwood, backed off the end of the rail."

On this testimony appellant asked the following: "If you find that it was known to plaintiff that in leaving side tracks it was common for engines to not stop, but to slow down before reaching switches, and for a brakeman or other employee to jump from engine or tender, and run ahead and open the switch while the engine moved ahead, and with this knowledge, without protest, plaintiff continued to work with a crew known to him to so act, then the court tells you that plaintiff assumed the risk of accidents and injury from such movement of trains in leaving side tracks; and if he was injured by reason of such movement being pursued, then you will find for the defendant."

Appellant's counsel say in their brief that "the court refused to give this instruction. Defendant excepted, and the court

gave no other instruction presenting this theory of the case to the jury." Here again the abstract is so fatally defective that it is impossible for us without going through the transcript to determine whether the court erred in refusing this request. We do not know whether appellant preserved its exceptions to the court's ruling on this instruction in the motion for new trial.

Moreover, appellant has failed to abstract the other instructions given by the court. True, its counsel say that no other was given presenting this theory, and as they are able and truthful attorneys, they are doubtless correct. Such, at least, is their opinion. But the court might differ with them, and must determine the correctness or incorrectness of the contention of counsel from the record, and, under the rules, must have an abstract of it to see whether there is error. Chief Justice COCKRILL, speaking along this line, said: "The appellant argues that the court erred in refusing to charge the jury as requested by him, but his exception on that score has not impressed him as being serious enough to require him to point out the error by setting out the prayers in his abstract in accordance with the rules. We therefore take it as a waiver of the objection." *Koch* v. *Kimberling,* 55 Ark. 547; *Carpenter* v. *Hammer,* 75 Ark. 347; *Jacks* v. *Reeves, post,* p. 426. See also on sufficiency of abstracts, *Neal* v. *Brandon,* 74 Ark. 321; and *Shorter University* v. *Franklin,* 75 Ark. 571.

This disposes of the objection to the ruling of the court in refusing other prayers asked by appellant. But, aside from this, the uncontradicted proof in the record from the abstract as presented by appellee shows that the proximate cause of appellee's injury was the failure upon the part of the conductor to see that the switch was thrown. This was a duty devolving upon the master, and the servant did not assume the risk incident to the negligence of the master in failing to perform that duty. In this view there was no error in refusing requests for instructions set out in appellant's brief.

4. The court gave at the request of appellee the following: "Should your verdict be for the plaintiff, then you should assess his damages at such a reasonable sum of money as you believe from the evidence will fully compensate him for the damages he has sustained, if any, and in determining this amount you

may take into consideration his loss of time, if any, from his ordinary and usual avocation, his diminished capacity, if any, to work and earn money at his usual and ordinary avocation in the future, and the amount of money, if any, he has laid out and expended for services of a physician, and in buying medicine, if any, in procuring or attempting to effect a cure of said injuries, if any, the mental and physical pain he has, or may have to endure, if any; but in no event should your verdict be for more than $2,000, the amount sued for."

We might dispose of the objection of the counsel to the giving of this instruction as we have the others, for it appears from brief of counsel for appellee that the language set out in brief for appellant is only an excerpt from an instruction. But, as counsel for appellee have abstracted enough of the instruction to make the ruling of the court below clear, we will proceed to pass upon it. Treating appellant's objection to the ruling of the court in giving this request as having been preserved in a motion for new trial, we see no error in that part of the instruction to which objection is urged here, towit: "And in no event should your verdict be for more than $2,000, the amount sued for."

In *Fordyce* v. *Nix,* 58 Ark. 140, this court said: "The trial court should not have told the jury, however, that, if the conduct of appellants was willful, etc., they may allow him additional vindictive or punitive damages, not exceeding the amount sued for," the objection being to the words, 'not exceeding the amount sued for.' " Learned counsel for appellant urge this as authority for their position that the court erred in giving the instruction containing the language pointed out *supra.* An examination of that case will discover that it is not in conflict with the instruction given by the court in this case. In that case the jury were not directed to base their verdict upon the evidence. There were no limitations and no directions except that it was their province to find an amount not exceeding the amount laid in the complaint, regardless of whether the amount laid in the complaint was reasonable or unreasonable and "commensurate with the wrong done as shown by the evidence adduced." In the present case the instruction duly circumscribed the jury within the limits of reason, and directed that their findings should be based on the evidence. Moreover, the instruction in *Fordyce* v. *Nix* was held

not to be prejudicial, because the verdict was shown not to be excessive, the jury having found for less by $1,500 than the amount claimed, which finding was amply sustained by the proof. So here.

Affirm.