HAGLIN v. ATKINSON-WILLIAMS HARDWARE COMPANY.

Opinion delivered January 3, 1910.

1.  APPEAL AND ERROR—ABSTRACT.—Where appellant's abstract does not show that a motion for new trial was filed and that it was denied, it will be taken as correct, unless questioned by appellee's abstract. (Page 86.)

2.  SAME—ABSENCE OF MOTION FOR NEW TRIAL—ERRORS CONSIDERED.— Where there is no motion for a new trial, only errors in the rendition of the judgment which are apparent on the judgment record will be considered.  (Page 87.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

*W. A. Gillenwaters,* for appellant.

*Winchester & Martin,* for appellee.

HART, J. This is an action by the Atkinson-Williams Hardware Company against Ed Haglin to enforce a lien for material furnished for a building to be erected on defendant's lots in the city of Fort Smith, Sebastian County, Arkansas.

There was a trial before a jury, and a verdict for the plaintiff. The defendant has appealed from the judgment rendered upon the verdict.

Counsel for appellant says that the only question raised by the appeal is: "Can appellee enforce its lien against the property for material that did not go into the building and become a part thereof."

He insists that the court erred in modifying an instruction asked by him on this point. He sets forth in his abstract the instruction asked by him on this point and the modification thereof by the court, but does not set out the other instructions given by the court. He also sets out a portion of the testimony adduced at the trial, which tends to show that a part of the materials furnished were not used in the construction of the building, but does not set out all the testimony or the substance thereof. Nowhere in his brief or abstract is there any reference to a motion for a new trial. The cause was brought and tried in the Sebastian Circuit Court for the Fort Smith District.

Counsel for appellee has not attempted to supply the omissions in the abstract of appellant, but relies solely upon the right to have the judgment of the lower court affirmed for a noncompliance with Rule 9 of this court. His brief was filed on the 3d day of December, 1909, in ample time before the submission of the case for counsel for appellant to have presented to the court his excuse for the alleged omissions in his abstract, had he desired to do so.

Rules of procedure are eminently proper and absolutely necessary to the orderly dispatch of the business before the court. Rule 9 has been adopted for many years, and has been uniformly enforced where no sufficient excuse for not complying with it has been made to the court. The question then is squarely raised: Has Rule 9 been complied with? If it has not, according to numerous decisions of the court, extending over a period of many years, the judgment of the lower court must be affirmed.

It is not necessary to discuss the question whether the modification of the instruction complained of, and the testimony abstracted, were sufficient to raise the issue intended to be presented; for the abstract is fatally defective in that it does not show that appellant filed a motion for a new trial in the lower court, and that the same was overruled.

It is the settled law of this State that where there is no motion for a new trial only errors in the rendition of the judgment which are apparent on the record proper will be considered. We take the abstract of the appellant as the record showing the proceedings of the court below except where its correctness is questioned by appellee. We do not interpret our rules otherwise than reasonably. For instance, we do not require that the motion for a new trial be set out in full in the abstract of appellant.

We recognize the abstract to be what its name implies; and where it states that a motion for a new trial was filed and overruled, that is sufficient to show that the lower court refused to correct the alleged errors. And we take the assignment of errors presented and urged in the brief as causes for reversal as being properly set out and raised in the motion for a new trial unless that fact is challenged by appellee. In which case we examined the transcript to settle the disputed issue. Otherwise each judge in turn would be compelled in all cases to explore the transcript to ascertain if the assignments of error were properly saved, or rely upon the statement of the judge in whose care the transcript is lodged. The latter course would make the opinion that of one judge, and not that of the court.

We have heretofore uniformly recognized and enforced this interpretation of the rules. Hence the citation of only a few cases is necessary for illustration of its application. *Wallace* v. *St. Louis, I. M. & S. Ry Co.*, 83 Ark. 359; *McDonough* v. *Williams*, 86 Ark. 600; *St. Louis, I. M. & S. Ry Co.* v. *Boyles*, 78 Ark. 374.

For the reason that appellant has not in his abstract and brief shown that a motion for a new trial was filed and overruled in the lower court, the judgment will be affirmed.