## FILES v. TEBBS.

### Opinion delivered November 27, 1911.

APPEAL AND ERROR—FAILURE TO ABSTRACT RECORD.—Where appellant has failed to abstract the record as required by rule nine, and the appellee has not supplied the defect, the cause will be affirmed.

Appeal from Ashley Chancery Court; *Zachariah T. Wood*, Chancellor; affirmed.

*A. W. Files, pro se.*

*George W. Norman,* for appellees.

KIRBY, J. A. W. Files brought two suits in ejectment against W. H. Tebbs, one for 76.01 acre tract of land, in section 19, township 17 south, range 4 west; the other for 60.81 acre tract of land in section 18, same township and range, in Ashley County, Arkansas.

The defendant answered, denying plaintiff's ownership of the 60-acre tract, and pleaded the seven years' statute of limitations and laches in bar of his right to recover. He answered further, alleging a former suit by the said Files against him for the recovery of certain lands; that answering that complaint he made a full disclosure, and filed supplemental pleadings and a bill of peace against the said A. W. Files, and made all of the pleadings in that case exhibits to his answer in this, and moved a consolidation of these causes of action and a transfer to equity. The defendant answered and denied plaintiff's ownership to the 76-acre tract; claimed ownership thereof, deraigning his

title thereto; alleged that after protracted litigation said land had been decreed by the chancery court of Ashley County to be the property of the said E. D. Watson, deceased; that said plaintiff filed a complaint in equity against the heirs of said Watson in 1903, to which they filed an answer setting up and claiming title to said lands, and the decrees, orders and judgments of the court in their behalf by which they acquired right thereto, and asked that said answer made by the said Watson heirs and others to Files' said complaint be made his answer in this suit and filed same as an exhibit. Further alleged that the Watson heirs executed to him a deed under which he took possession thereof.

The defendant filed in addition a bill of peace, setting out in detail the history of all the varied litigation between these parties and their privies, and the adjudications of the court thereof relating to and affecting the rights of the parties therein and herein to the lands in controversy; alleged that the parties through whom plaintiff claimed title had in said litigation been adjudged to have no title; that certain of his grantors for forty or fifty years had made no claims to said lands, and paid no taxes thereon; that defendant and those under whom he claimed had been in possession of the land for more than 20 years, cleared, fenced and improved same; that he was now in actual possession thereof, and had been for more than seven years; pleaded again the statute of limitations and laches, and asked for the cancellation of certain deeds to plaintiff and a transfer of this cause to equity, etc.

Plaintiff filed a long reply to this answer and bill of peace. The causes were transferred to equity and consolidated and heard together, and the court decreed that the plaintiff was without title as to the 76-acre tract; "That, if those under whom he claims ever had any title, such claim is barred by laches and limitations, and the title as to it is *res judicata.* That the title to this land has been heretofore litigated in this court between the Files heirs and the Watson heirs, decree rendered in favor of the Watson heirs, and sale made under said decree and approved by this court. That the pretended redemption from the sale under said decree was without authority of law and void, and that plaintiff, Files, took nothing thereby, and no rights thereunder. That, as to the 60.80 tract in section

18, township 17 south, range 4 west, the claim of plaintiff thereto is old, stale and barred by laches and limitations;" the defendant and his grantors having held adverse possession thereof for more than seven years. That the Harris heirs, under whom plaintiff claimed, did not, nor did any one claiming any interest in the land under or through them, pay any taxes thereon or exercise any other act of ownership or claim thereto for more than thirty years."

The complaints were dismissed for want of equity, and the court upon the answer and bill of peace enjoined Files from further proceeding against the defendant, Tebbs, in relation to the matters set out in the complaint.

There were many depositions and the papers and exhibits in former cases, before the court, none of which are abstracted by the appellant, nor the pleadings herein. In his brief he makes but a short statement of the case, disclaims responsibility for the "redundant and irrelevant matters in the transcript," and asks the court "to fully consider the whole record," without making or attempting to make an abstract of the record, as is required by rule nine of this court. This omission and defect is in no wise supplied by the brief of appellee's counsel, who asks that the many answers of the different parties in the varied and protracted litigation be considered part of its brief, averring that all the allegations and exhibits were submitted to the court, and that the allegations thereof were proved.

This court, not having had the same opportunity as counsel in the case to become acquainted with this litigation and not being furnished the means for an intelligent consideration and review of it by an abstract as required by rule nine, necessarily can not pass upon its merits without exploring the transcript, which, as has been often heretofore said, it can not be expected to, and will not, do, and this without regard to whether such failure to furnish an abstract is relied upon for an affirmance by opposing counsel or not. *Haglin* v. *Atkinson-Williams Hdw. Co.* 93 Ark. 85; *Brown* v. *Hardy*, 95 Ark. 123; *Jett* v. *Crittenden*, 89 Ark. 349, and cases cited.

A reasonable enforcement of this rule of procedure is absolutely necessary to the orderly and efficient dispatch of the business of the court, and for the failure to comply with it the decree is affirmed.