Miller *v.* Kansas City Southern Railway Company.

Opinion delivered May 21, 1917.

1.  Appeal and error—absence of motion for new trial.—Where there is no motion for a new trial, only errors which are apparent on the face of the record will be considered on appeal.

2.  Appeal and error—absence of motion for new trial—offer to perfect record.—Where appellant's abstract does not show that a motion for a new trial was filed, the court will permit him to perfect his abstract, after appellee has moved to affirm the cause.

3.  Appeal and error—absence of motion for new trial—presumption.—Where appellant failed to abstract his motion for a new trial and did not move the court for permission to amend his abstract, it will be presumed that no motion for a new trial was filed in the trial court.

Appeal from Sevier Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

*B. E. Isbell* and *Pole McPhetridge,* for appellant.
Argues the merits which are not decided.

*James B. McDonough,* for appellee.
There is no motion for new trial.  93 Ark. 84; 83 *Id.* 359; 78 *Id.* 374.

Hart, J.  Appellant sued appellee and alleged that he owned certain lands adjacent to defendant's railway; that the railway company negligently constructed its roadbed across said lands in such a manner as to divide the natural flow of the surface waters and thereby to cause appellant's land to overflow.  The appellees interposed the plea of the statute of limitations as a defense to the action and also denied liability.  There was a verdict and judgment for appellees and the case is here on appeal.

Counsel for appellees has moved to affirm the judgment because nowhere in the brief or abstract of appellant is there any reference to a motion for a new trial. The abstract of appellant does not show that a motion for a new trial was filed in the lower court and that it was

overruled. Counsel have not offered to perfect their abstract and nothing remains except to affirm the judgment.

It is settled in this State that where there is no motion for a new trial, only errors which are apparent on the face of the record will be considered. If the counsel had offered to have perfected their abstract after the motion to affirm was made and before the submission of the case, the court would have permitted them to have done so. Not having offered to amend their abstract, the presumption is that no motion for a new trial was filed and there is nothing to show that the lower court refused to correct the alleged error. *Haglin* v. *Atkinson-Williams Hardware Co.*, 93 Ark. 85; *Reeves* v. *Hot Springs*, 103 Ark. 430; *Brown* v. *Hardy*, 95 Ark. 123; *Wallace* v. *St. L., I. M. & S. Ry. Co.*, 83 Ark. 359; *St. L., I. M. & S. Ry. Co.* v. *Boyles*, 78 Ark. 374.

Moreover, the right-of-way deed from appellant to appellees was introduced in evidence and is not in the record. This deed might have contained a clause giving the railroad company the right to change water courses and other language releasing it from liability by reason of any changes in its roadbed.

It follows the judgment will be affirmed.