## WILKERSON v. FUDGE.

### Opinion delivered January 23, 1928.

APPEAL AND ERROR—FAILURE TO ABSTRACT TESTIMONY.—Under Supreme Court rule 9, where appellant in his abstract and brief merely stated what he conceived the facts were, and did not set out the substance of each witness' testimony, nor abstract the judgment, the motion for new trial and the order overruling it, the judgment of the trial court must be affirmed on motion.

Appeal from Independence Circuit Court; *H. L. Ponder*, Special Judge; affirmed.

*J. Paul Ward,* for appellant.

*S. M. Casey,* for appellee.

McHANEY, J. This is an appeal from a judgment against appellant, holding him jointly liable with S. S. Wilkerson and Robert Wilkerson on a promissory note for $411 in favor of appellees. Counsel for appellees have filed a motion to affirm the case for failure to comply with Rule 9 of this court, in that appellant failed to abstract the pleadings, the evidence, the instructions, the judgment of the court, the motion for a new trial, if one was filed, and the order overruling it, if one was made. The abstract and brief as originally filed on behalf of appellant failed to comply with said rule in the above particulars, and, after counsel for appellees had filed his brief urging an affirmance on this account, appellant applied to and obtained leave of this court to comply with said rule. He thereafter filed an amended abstract, setting out the instructions of the court, and interlined in his statement of facts page references to the transcript.

Ten witnesses testified in the case, but this evidence is not abstracted. Appellant contents himself by a statement of what he conceives the facts to be, but does not set out the substance of each witness' testimony. He does not abstract the judgment of the court, nor the motion for a new trial, if one, and the order overruling it, if one, and we cannot tell, without an examination of the record, whether there was a motion for a new trial, and, if so, whether the errors complained of were assigned in the motion for a new trial.

Under this state of facts we feel that we will have to sustain the motion to affirm for the noncompliance with this rule. The judgment is therefore affirmed.