4-8375                                           207 S. W. 2d 605

Opinion delivered January 26, 1948.

*Charles L. Farish,* for appellant.

*Virgil R. Moncrief* and *John W. Moncrief,* for appellee.

Minor W. Millwee, Justice.   Appellant, Mack Golden, brought this action in replevin against appellee, Van Wallace, for the possession of a motor truck trailer. Trial to a jury resulted in a verdict and judgment in favor of appellee and this appeal follows.

Appellant has abstracted the testimony with the exception of the exhibits.   He has not abstracted the pleadings, judgment, instructions, motion for new trial, or order overruling it, if one.   Under Rule 9 of this court appellant is required to file an abstract or abridgment of the transcript setting forth the material parts of the pleadings, proceedings, facts and documents upon which appellant relies, together with such other matters from the record as are necessary to an understanding of all questions presented to this court for decision. The abstract furnished by appellant does not meet this re-

quirement. In numerous cases this court has held that a reasonable enforcement of this rule of procedure is absolutely necessary to the orderly and efficient dispatch of the business of the court. *Koch* v. *Kimberling*, 55 Ark. 547, 18 S. W. 1040; *Neal* v. *Brandon*, 74 Ark. 320, 85 S. W. 776; *Reeves* v. *Hot Springs*, 103 Ark. 430, 147 S. W. 445; *Reisinger* v. *Johnson*, 110 Ark. 7, 160 S. W. 893; *Wilkerson* v. *Fudge*, 176 Ark. 11, 1 S. W. 2d 801; *Thomson* v. *Dierks Lumber & Coal Company*, 208 Ark. 407, 186 S. W. 2d 425.

In *Files* v. *Tebbs*, 101 Ark. 207, 142 S. W. 159, it is said: "This court, not having had the same opportunity as counsel in the case to become acquainted with this litigation and not being furnished the means for an intelligent consideration and review of it by an abstract as required by rule nine, neccessarily can not pass upon its merits without exploring the transcript, which as has been often heretofore said, it can not be expected to, and will not, do, and this without regard to whether such failure to furnish an abstract is relied upon for an affirmance by opposing counsel or not. *Haglin* v. *Atkinson-Williams Hdw. Co.*, 93 Ark. 85, 124 S. W. 518; *Brown* v. *Hardy*, 95 Ark. 123, 128 S. W. 858; *Jett* v. *Crittendcn*, 89 Ark. 349, 116 S. W. 665, and cases cited."

In *Keller* v. *Sawyer*, 104 Ark. 375, 149 S. W. 334, the court said: "There is no reference whatever to any motion for a new trial in appellant's brief. In the absence of such reference, and the overruling of the same, we can not determine that there was any error in the rulings of the court." Since appellant has not abstracted the motion for new trial, if one, or the order overruling it, if one, we cannot tell, without exploring the record, whether such motion was filed and, if so, whether the errors now complained of were assigned in the motion for new trial.

The principal contention of appellant for reversal is that the evidence was insufficient to support a verdict for appellee for possession of the trailer. While we have reached the conclusion that the judgment must be affirmed for failure to comply with Rule 9, it is not inap-

propriate to say that the evidence as abstracted was, in our opinion, legally sufficient to take the case to the jury on the question of ownership and right to possession of the property in controversy.

Affirmed.