BARRETT *v.* FORT SMITH STRUCTURAL STEEL COMPANY.

4-9694                                                246 S. W. 2d 414

Opinion delivered February 18, 1952.

*M. M. Martin,* for appellant.

*Hardin, Barton & Hardin* and *Shaw & Shaw,* for appellee.

WARD, J.   On March 8, 1951, appellant filed suit in the circuit court against appellees seeking judgment for injuries to himself and damage to his wagon, caused, as alleged, by the negligence of appellees.   The allegation of negligence, as abstracted by appellant, is that "the appellee in approaching him from behind at an excessive rate of speed, struck the wagon of appellant, demolishing it, scattering it all over the woods, and throwing the appellant onto the black-top highway, and injuring him severely."

From a jury verdict in favor of appellees, appellant prosecutes this appeal.

Prior to the submission date in this court, appellees filed a motion to dismiss appellant's appeal for failure to comply with Rule 9.   A decision on appellees' motion was passed until the case was submitted, and is now urged by appellees in their brief.

In our opinion the motion to dismiss for noncompliance with Rule 9 should be granted. Rule 9, subsection (b) of the Rules of this court requires the appellant to file with the Clerk [of this court] an abstract [separate from or in connection with a brief] of "the material parts of the pleadings, proceedings, facts and documents upon which appellant relies, together with other matters from the record as are necessary to an understanding of all questions presented to this Court for decision. The abstract shall contain full references to pages of the transcript." The wisdom of the above rule is apparent when it is realized that only one transcript is available to this court and, ordinarily, can be used extensively only by the judge assigned to write the opinion. Of necessity the other judges must rely largely on the information contained in the abstract and briefs. Certainly this arrangement is conducive to a proper and efficient participation by all the reviewing judges and is necessary to the timely dispatch of the work of this court.

Rule 9 has been interpreted many times by this court. *Wilkerson* v. *Fudge,* 176 Ark. 11, 1 S. W. 2d 801, pointed out the necessity of abstracting the judgment, the motion for a new trial and the order overruling it, indicating the errors complained of. In *Golden* v. *Wallace,* 212 Ark. 732, 207 S. W. 2d 605, a failure to abstract certain exhibits, pleadings, judgment, instructions, and motion for a new trial was held to be a noncompliance with Rule 9. Other cases to the same effect are: *Droke* v. *Rogers,* 210 Ark. 938, 198 S. W. 2d 180; and *Bailey* v. *Bank of Dover,* 213 Ark. 261, 209 S. W. 2d 864.

In this case appellant's abstract fails, in our opinion, to meet the above indicated requirements. Eight witnesses testified but no attempt is made to abstract the testimony of four of them, and the purported abstract condenses into two pages the testimony which covers over 50 pages in the transcript. There is no abstract of the instructions or the motion for a new trial and no mention of any errors alleged to be contained therein.

In our opinion, however, appellant has not been prejudiced by failing to present a proper abstract. If called

upon to do so we would be compelled to hold the alleged errors complained of in appellant's brief do not justify reversal. The court, apparently, refused to allow the jury, at appellant's request, to view the scene of the accident, but, as stated in *Holimon* v. *Rice,* 208 Ark. 279, 185 S. W. 2d 927, this was a matter within the sound discretion of the trial judge. There is no showing here that the judge abused his discretion. There is also a contention that the preponderance of the testimony shows appellee was negligent. The question of negligence was of course passed on by the jury. As has often been held by this court the jury's verdict will not be disturbed by us if it is supported by substantial evidence. That there is substantial evidence in this case is not questioned by appellant.

The appeal is dismissed.