ELLINGTON *v.* REMMEL.

5-968                                   293 S. W. 2d 452

Opinion delivered June 18, 1956.

[Rehearing denied October 1, 1956.]

*Tommy H. Russell,* for appellant.

*Townsend & Townsend* and *O. D. Longstreth, Jr.,* for appellee.

J. SEABORN HOLT, Associate Justice.   Appellant, W. J. Ellington, filed a petition alleging, ''That on June 13, 1955, the City Council of the City of Little Rock, Arkansas, passed Ordinance No. 9841, which Ordinance

abandoned the City's right, title and interest to the following described street: West 31st Street from the east property line of Taylor Street east for approximately 140 feet to the west property line of an alley platted through Block 14 and the Replat of a part of Block 9, C. O. Brack's Addition to the City of Little Rock, Arkansas. That the aforementioned action by the Little Rock City Council stands to cause great harm to the plaintiff and others situated similarly to him in that the valuation of their property will be greatly decreased and their enjoyment of their respective properties will be greatly curtailed. That a large group of property owners in this area have objected and continue to object to this action by the City Council. That numerous property owners in this area have not consented to the abandonment of this street nor have they any desire to do so." He further alleged that the council acted without authority and prayed that said ordinance be declared void and that the street in question be reopened, etc. Appellees, interveners, answered alleging that they were the only abutting property owners on said street, that the City Council acted within its authority in enacting the ordinance in question and that said street was properly closed in compliance with § 19-3825 to 19-3830 incl. Ark. Stats. 1947. On December 13, 1955, a hearing was had and on evidence presented by both parties the court found that the ordinance in question "was duly passed by the City Council of Little Rock, Arkansas, and that all the provisions set out in Sections 19-3825 to 19-3830, Ark. Stats., 1947, have been fully complied with; that said street as shown on the plat has not been actually used as a street by the public for the last five years; and that the City Council has the power to vacate and abandon said street by proceeding in the manner followed in this instance," and from the decree in this appeal.

For reversal appellant relies on two points: "I. The Chancellor's finding of fact is not supported by the evidence. II. That the Court committed error in finding that all of the provisions of Sections 19-3825 to 19-

3830, Ark. Stats., 1947, had been fully complied with, and thereby dismissing the Plaintiff's complaint."

At the outset we are confronted with an insufficient abstract by appellant, and we have concluded that the decree must be affirmed for this reason. Rule 9—(d) of this court provides: "Abstract. ——The appellant's abstract or abridgment of the record should consist of an impartial condensation, without comment or emphasis, of only such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this court for decision. The abstract shall contain full references to pages of the record. When testimony is abstracted the first person rather than the third person should be used. Whenever a map, plat, photograph, or other exhibit must be examined for a clear understanding of the testimony, the appellant shall reproduce such exhibit by photography or other process and attach such reproduction to the copies of the abstract filed in this court and served upon opposing counsel, unless this requirement is shown to be impracticable and is waived by the court upon motion."

The record [transcript] reveals that the parties to this litigation presented seven witnesses whose testimony covered approximately 30 pages therein. It further appears that several of these witnesses had the benefit of a map or plat, from which they testified, showing the location of the street, lots, and surrounding property involved, and this plat or map has not been reproduced in appellant's abstract, thus denying us the benefit of it. Appellant has attempted to condense and abbreviate all of the testimony of the witnesses on only one page of his abstract and brief. From this abbreviation we are unable to understand, or gather, matters material to a necessary comprehension of all questions presented to us for a decision without exploring the record. We are not required to explore the one record [transcript] that is presented to us, this duty rests on appellant, and it is further his duty, as indicated, to furnish this court such an abridgment of the record that will enable us to understand the matters presented. This he has not done. We

said in *Files* v. *Tebbs,* 101 Ark. 207, 142 S. W. 159, "This court, not having had the same opportunity as counsel in the case to become acquainted with this litigation and not being furnished the means for an intelligent consideration and review of it by an abstract as required by rule nine, necessarily can not pass upon its merits without exploring the transcript, which, as has been often heretofore said, it can not be expected to, and will not, do, and this without regard to whether such failure to furnish an abstract is relied upon for an affirmance by opposing counsel or not. *Haglin* v. *Atkinson-Williams Hdw. Co.,* 93 Ark. 85, 124 S. W. 518; *Brown* v. *Hardy,* 95 Ark. 123, 128 S. W. 858; *Jett* v. *Crittenden,* 89 Ark. 349, 116 S. W. 665, and cases cited." See also *Golden* v. *Wallace,* 212 Ark. 732, 207 S. W. 2d 605; and *Barrett* v. *Fort Smith Structural Steel Co.,* 220 Ark. 114, 246 S. W. 2d 414.

Decree affirmed.