PORTER *v.* TIME STORES, INC.

5-1157                                      298 S. W. 2d 51

Opinion delivered February 4, 1957.

*Lyman L. Mikel,* for appellant.

*Dobbs, Pryor & Dobbs,* for appellee.

J. SEABORN HOLT, Associate Justice.   Appellants, Nina Jean Porter, et al., sued Time Stores, Inc., and their employee, Bobby Hicks (appellees) to recover damages for personal injuries alleged to have resulted from a collision of an automobile in which appellants were riding and a car driven by Bobby Hicks.  The complaint alleged that the injuries were caused by appellees' negligence.

A jury trial resulted in a verdict for appellees and also a finding by the jury, on proper interrogatories submitted under our comparative negligence statute, (Act 191-Acts of Ark. 1955) that neither the appellees nor the appellants were guilty of any negligence,—in effect, that the collision was an accident.  From the judgment is this appeal.

Appellants seek a reversal here, in effect, on the grounds that the verdict was contrary to the law and the evidence.

At the outset we are confronted with appellees' contention that the judgment must be affirmed for failure of appellants to comply with Rule 9(d) of this court. We hold that appellees are correct in this contention. The record reflects almost a total failure to abstract the pleadings, or material parts thereof, or the evidence, all of which are referred to largely by reference. Reference is made to a motion for a new trial and the order overruling it but neither of these documents is abstracted or summarized. The judgment is not abstracted. In a record containing approximately 144 pages, some 60 pages of which cover the evidence presented, appellants devote approximately 6 pages to abstracting the testimony. Clearly this short abstract, which appears to be of isolated excerpts only from extensive testimony, cannot be considered as an abstract of material facts so that the judges of this court could determine whether there is any substantial evidence to support the verdict of the jury. In the very recent case of *Ellington* v. *Remmel,* 226 Ark. 569, 293 S. W. 2d 452, we said: "Rule 9(d) of this court provides: 'Abstract.—The appellant's abstract or abridgment of the record should consist of an impartial condensation, without comment or emphasis, of only such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this court for decision . . .' ¶ . . . We are not required to explore the one record (transcript) that is presented to us, this duty rests on appellant, and it is further his duty, as indicated, to furnish this court such an abridgment of the record that will enable us to understand the matters presented. This he has not done. We said in *Files* v. *Tebbs,* 101 Ark. 207, 142 S. W. 159, 'This court, not having had the same opportunity as counsel in the case to become acquainted with this litigation and not being furnished the means for an intelligent consideration and review of it by an abstract as required by rule nine, necessarily cannot pass upon its merits without exploring the transcript, which, as has been often heretofore said, it cannot be expected to, and will not, do, and this without regard to whether such failure to furnish an ab-

stract is relied upon for an affirmance by opposing counsel or not. *Haglin* v. *Atkinson-Williams Hdw. Co.,* 93 Ark. 85, 124 S. W. 518; *Brown* v. *Hardy,* 95 Ark. 123, 128 S. W. 858; *Jett* v. *Crittenden,* 89 Ark. 349, 116 S. W. 665 and cases cited.' See also *Golden* v. *Wallace,* 212 Ark. 732, 207 S. W. 2d 605; and *Barrett* v. *Fort Smith Str. Steel Co.,* 220 Ark. 114, 246 S. W. 2d 414;'' *Thornbrough, Commissioner of Labor* v. *Danco Constr. Co.,* 226 Ark. 797, 294 S. W. 2d 336; *Speed* v. *Mays,* 226 Ark. 213, 288 S. W. 2d 953.

Affirmed.