## RUBLE *v.* HELM.

Opinion delivered February 11, 1893.

1. *Practice in Supreme Court—Rule nine.*

   Where appellee fails to appear, appellant's abstract, in so far as it purports to set forth the record, will be taken as correct; but if it appears, either expressly or by implication, that the record has not been fully set forth in appellant's abstract, the court will not explore the transcript to discover errors, but will presume in favor of the correctness of the judgment of the lower court.

2. "De minimis"—*When maxim inapplicable.*

   A mistake of $10 in the settlement of a guardian's accounts in the probate court will not be disregarded in chancery, upon the maxim that the law takes no account of trifles, if the amount involved is not so large as to make that item relatively unimportant.

Appeal from Boone Circuit Court in Chancery.

M. R. BAKER, Special Judge.

*Crump & Watkins,* for appellants.

There is no evidence that Ruble received more interest than he charged himself with. The confirmation of the accounts by the probate court is conclusive, except for fraud, accident or mistake. 51 Ark. 1; 40 *id.* 219; *ib.* 393; 34 *id.* 63; 33 Ark. 727. The appellant, Ruble, shows he accounted for all money and property that came to his hands. As to the item of $10, *Lex non curat de minimis.* 36 Ark. 393–4.

MANSFIELD, J.   The object of this suit was to impeach for fraud and mistake the accounts and final settlement of the defendant, Ruble, as guardian of the plaintiff, Helm.   On the hearing of the cause, the court made the following findings :

1.   That Ruble fraudulently failed to charge himself with interest amounting to the sum of $19.

2.   That he fraudulently charged the plaintiff with $70 for board.

3.   That he failed to account for money amounting to $29.

4.   That by mistake he took a credit for the sum of $10.

A decree for the amount of these items was accordingly rendered against Ruble and his sureties, and they have appealed.

The appellee having failed to appear, the appellant's abstract is treated, under a rule of this court, as correct so far as it purports to set forth the record. *Tucker* v. *Byers, ante,* p. 215.   By this it is shown that the allegations of the complaint on which relief was asked were all denied by the answer and that no evidence whatever was adduced to prove that Ruble was liable for any interest not charged on his accounts as settled and approved by the probate court.   The first finding of the chancellor cannot therefore be sustained. *Ruble* v. *Cottrell, ante,* p. 190.

1.  Practice under rule nine.

The appellants in their brief admit, either expressly or by implication, that evidence was produced as to the matters embraced in the other findings.   But they do not make even the shortest statement of what such evidence was, and content themselves with a mere reference to it by way of insisting upon its insufficiency.   The rules of practice do not make it our duty to explore the transcript for the evidence thus omitted ; and as it is not before us, we presume, in favor of the decree, that the

court's second, third and fourth findings are correct. *Massey* v. *Gardenhire*, 12 Ark. 639.

*2. When maxim "De minimis" inapplicable.*

Counsel submit that the mistake of Ruble in taking credit for $10 should have been disregarded, on the maxim that the law takes no account of trifles. But the whole amount involved was not so large as to make that item relatively unimportant ; and it would have been a misapplication of the maxim to refuse to include the $10 with the other sums properly recovered. *Boyden* v. *Moore*, 5 Mass. 364.

The judgment will be modified so as to exclude a recovery for the item of interest ; and with that modification it will be affirmed.