# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS.

## SAVAGE *v.* LICHLYTER.

### Opinion delivered March 31, 1894.

1. *Infancy—Executory contract.*
   An infant's executory contract is not binding upon him unless confirmed by him after reaching his majority.

2. *Disaffirmance of contract—Divisibility.*
   Where a deed and a bond for title of an infant, though connected and forming parts of the same transaction, were virtually divided by the parties into two contracts, one of which was executed and the other executory, the infant's right to avoid the latter is not affected by the force, effect or existence of the former.

Appeal from Crawford Circuit Court.

HUGH F. THOMASON, Judge.

The abstract of appellant states that this action is founded on a penal bond for $1500, executed by Maria J. Lichlyter, Richard J. Miller and two others, defendants, and by certain others not sued, to the plaintiff, Joseph J. Savage, and to one George P. Gross, bearing date September 14, 1870, and subject to a condition there under-written, reciting that the defendants and other parties to said instrument as heirs of George E. Miller, deceased, had on that day bargained and sold unto Savage & Gross a certain lot of land for a consideration named. The condition further recited that Richard J.

Miller and certain others, who were not named as de-, fendants, were minor heirs of George E. Miller, deceased, and, by reason of their minority, were incapable of selling to the said Gross & Savage their interest in said lot of land, and that if the said minor heirs of the said George E. Miller shall, when they have attained to full age, and upon demand therefor, make or cause to be made to Gross & Savage proper deeds of conveyance by which they shall convey to the said Gross & Savage all their rights, titles and interests, respectively, in and to said lot of land, then the said obligation to be void ; otherwise to remain in full force.

The object of the suit is the recovery of damages from the defendants in consequence of their failure to carry out the requirements of the under-written condition of the bond:

Defendants answered that the bond was not their deed, because they signed it on condition that Hugh Morrow and wife, whose names appear in the body of the bond, should sign it, and that Morrow and wife never signed the bond. As a further defense, defendants pleaded a want of consideration.

Defendant Richard J. Miller filed a separate answer, alleging that, at the time of making said writing obligatory, on the 14th of September, 1870, he was an infant.

The evidence is not set out in appellant's abstract. On the trial of the cause, the court refused to give the following instruction asked by plaintiff, viz.:

"That if it appears from the evidence that, on the 14th day of September, 1870, when the defendant, Richard J. Miller, with his co-defendants signed said bond or writing obligatory, upon which this suit is founded, he was an infant of seventeen years of age, unless it also appears that, upon attaining to full age, he, within apt time, disaffirmed said contract, it is now too late to disaffirm by the plea of infancy, or otherwise."

There was a verdict and judgment for the defendants.   Plaintiff has appealed.

*Turner & Turner* for appellant.

1.   The appearing before the proper officer, and acknowledging in due form the bond to be their act and deed, was a ratification of the contract, and estops defendants from denying the execution of the bond, as well as its legal effect.   109 U. S. 573 ; 1 Devlin on Deeds, secs. 500, 531 and notes ; 1 Am. & Eng. Enc. Law, p. 160, note 2; 38 Ark. 377; 41 *id.* 421.

2.   The covenants in the bond, as also in the deed, are real covenants, and run with the land.   4 Kent, Com. pp. *473–4; 1 Ark. 320; 7 *id.* 132.

3.   The limitation of five years has no application. The instrument was under seal, was executed subsequent to the constitution of 1868, and the limitation is ten years.   43 Ark. 464.

4.   The contracts of infants are voidable, not void ; and, if not disaffirmed in reasonable or apt time after the infant attains to full age, they become of binding force. 3 Burr. 1794 ; 2 Kent.* 234–5–6, and notes ; 2 H. Bl. 511 ; 17 Wend. 119 ; 10 Pet. 71 ; 6 Paige, 635 ; 5 Yerg. (Tenn.), 41 ; 1 Johns. Cases, 127 ; 31 Oh. St. 72 ; 49 Conn. 492 ; 58 Miss. 765 ; Bishop on Cont. p. 359 ; *ib.* sec. 924 ; 9 Wall. 617 ; 45 N. Y. 406 ; 21 Minn. 196 ; 17 Vesey, 383 ; 37 Vt. 647 ; 15 La. An. 505 ; 24 Ala. 260.   The rule as to deeds is clear.   The time within which an infant may disaffirm is the limitation of an action of ejectment.   31 Ark. 364 ; 34 *id.* 590 ; 15 Ohio, 156 ; 5 *id.* 152 ; 8 Taunt. 39 ; 9 Vt. 368 ; 6 Conn. 404 ; 11 Humph. (Tenn.), 468 ; 24 Cal. 195 ; 102 U. S. 300 ; 24 Fed. Rep. 82 ; 56 Mo. 202 ; 10 Am. & Eng. Enc. Law, p. 649 and authorities. By parity of reason the same rule applies to the bond. An acquiescence for eighteen years after attaining full age, and standing by and seeing valuable improvements

put on the lot without dissent, is a legal ratification. 11 Serg. & Rawle, 305. There are three modes of *affirming* a voidable contract by an infant: 1. By express ratification. 2. By acts reasonably implying a ratification or affirmance. 3. By the omission to disaffirm within a reasonable time. 6 Conn. 494; 9 Vt. 368; 9 N. H. 439; 20 Ark. 600. It requires overt acts to disaffirm after coming of age. 2 H. Bl. 511; 2 Johns. 279; *id.* 257; 13 Mass. 237; 1 N. H. 73; 17 Wend. 119; 59 Iowa, 679; 84 Ill. 104; 55 Tex. 281.

*Nimrod Turman* and *S. A. Miller* for appellees.

1. The evidence supports the verdict. 31 Ark. 165; 13 *id.* 439.

2. An infant's *executory* contract must be *expressly* affirmed after coming of age. Bish. Cont. secs. 920, 937, 943, 934; 1 Parsons, Cont. (5th ed.), 295; 3 M. & S. 477; 1 Fox & S. 15; 3 Des. 482; 10 Am. & Eng. Enc. Law, 645, note 1; Mansf. Dig. sec. 3384; 20 Ark. 600.

3. Exceptions to instructions *in gross* will not be sustained if any of them are good. 32 Ark. 223; 38 *id.* 528.

4. The other errors are waived by failure to notice them in the motion for new trial. 38 Ark. 246; *ib.* 413.

1. Liability of infant on executory contract.

BATTLE, J. First. There is a difference between an executory and an executed contract of an infant. In the latter case the contract is binding until it is avoided. In the former, it is without binding force until it is confirmed. If an infant is sued on his executory contract, before or after becoming of age, if he has not confirmed it since his majority, the infancy is a perfect defense. *Edgerly* v. *Shaw*, 25 N. H. 514; *Tobey* v. *Wood*, 123 Mass. 88; *Tyler* v. *Fleming* (Mich.), 35 N. W. Rep. 902; Bishop on Contracts, sec. 937; 1 Wharton

on Contracts, sec. 50; *Hale* v. *Gerrish*, 8 N. H. 374; *Fetrow* v. *Wiseman*, 40 Ind. 148.

The stipulations made by the infant in this case, though connected and forming parts of the same transaction, were virtually divided by the parties into two contracts, one of which was executed, and the other executory. His right to avoid the latter was not affected by the force, effect or existence of the former. 1 Wharton on Contracts, secs. 46, 114.

2. Divisibility of contract.

The first instruction asked for by the plaintiff was properly refused by the court.

Second. The seventh instruction asked for by appellant is not mentioned or referred to in the motion for a new trial, if the abstract of appellant be correct, and was, therefore, waived.

Third. The objections of the appellant to the instructions given at the instance of the appellees are not insisted on in this court, and, we conclude, have been abandoned.

Fourth. As the evidence is not set forth in the abstracts and briefs of the parties, we will not consider it, under the rules of this court.

Judgment affirmed.