O'NEAL *v.* PARKER.

Opinion delivered June 3, 1907.

1.  SEARCH WARRANT—INVALIDITY.—Though a circuit clerk is not authorized by Kirby's Digest, § 5137, to issue a warrant for the seizure of liquors illegally kept in a prohibited district, yet, after liquors have been seized under such illegal warrant and brought into court, the owners of it cannot in this proceeding complain of the illegality of the warrant, which has served its function. (Page 134.)

2.  APPEAL—INSUFFICIENCY OF ABSTRACT.—Where appellants fail to set out in their abstract the instructions complained of by them, the court on appeal will not search the transcript for the purpose of finding errors therein. (Page 136.)

3.  SAME—BRINGING UP INSTRUCTIONS.—Instructions which were given or refused will not be considered on appeal, though included in the transcript, if they are not included in the bill of exceptions (Page 136.)

Appeal from Arkansas Circuit Court; *George M. Chapline,* Judge; affirmed.

O'Neal and others sued Parker, and have appealed from a judgment in the latter's favor. The facts appear in the opinion.

*J. M. Brice,* for appellant.

The statute, Kirby's Digest, § 5137, confers no authority upon the circuit clerk to issue a warrant for the seizure and condemnation of liquor. Appellant was entitled to have that section given in charge to the jury in order that they might not be led to believe that appellee's acts under the warrant were regular and valid. Process and even judgments may be attacked by suits in replevin. 20 Am. & Eng. Enc. of L. (1 Ed.) 1065; 57 Ark. 195.

*John F. Park,* for appellee.

The judgment should be affirmed because of appellant's failure sufficiently to abstract the record, if for no other reason. 57 Ark. 304; 75 Ark. 572. His objections to instructions will be deemed to be waived, since he has failed to set them out either in his abstract or brief, and the court will not explore the record for them. 55 Ark. 457; 58 Ark. 448; 59 Ark. 1; 74 Ark. 323.

HILL, C. J. Ed O'Neal and three others filed a replevin suit in a justice of the peace court against R. F. Parker, sheriff of Arkansas County, in which they alleged that they were the owners of a barrel of liquor containing twenty gallons, which was in the possession of said sheriff, and that the sheriff had seized it while at the railroad station under a pretended search warrant issued by the circuit clerk of Arkansas County, and that he refused to deliver it to them; and they prayed for a return of the liquor and for damages for its detention. After trial in the justice's court and the common pleas court, the case reached the circuit court. There was no written answer filed, and there is nothing to show whether the allegation as to the search warrant being issued by the clerk was denied. The defendant sheriff testified that he seized the liquor under a warrant issued by Mr. Ball; and the record here shows that Mr. C. P. Ball was circuit clerk at the time of the seizure.

Appellee claims that it is not sufficiently proved that the warrant was issued by the circuit clerk, and the appellants contend that it is. There is in the transcript a purported order directing the seizure of the whisky and that it be held await-

ing the action of the circuit court at its next term, and which is signed by C. P. Ball, circuit clerk, upon which return was made by the sheriff that had seized it. This writ and its return are not in the bill of exceptions, and hence are not authenticated as parts of the record. It appellants' contention is not sustained in this respect, then there is nothing to review, for the process of the officer would protect him in this suit. While the evidence is not as satisfactory as it should be, yet it is reasonably clear, considering the allegation of the complaint and the evidence, that the sheriff was acting under a warrant issued by the circuit clerk, and the court will so consider it.

A circuit clerk is not an officer authorized by section 5137 of Kirby's Digest to issue these warrants, and hence this warrant was illegal, and the first question to be determined is the effect of such illegal seizure upon this action. In *Ferguson* v. *Josey,* 70 Ark. 94, the court said: "The law imposes the forfeiture and destruction of it (referring to liquor) as a punishment for keeping it for an unlawful purpose, and it stands in an attitude like that of a criminal complaining that he should be released and lawfully arrested before he can be tried. In the case supposed the court held that the legality or illegality of the arrest of the prisoner does not affect the jurisdiction of the court, or his guilt or innocence. *Elmore* v. *State,* 45 Ark. 243. So in the case at bar the liquor in question is, by reason of the seizure of the same, within the jurisdiction of the mayor's court, and the owners of it are entitled to a trial to determine whether it has been forfeited, and is subject to destruction. Their remedy as to the liquor is at present in the mayor's court." This principle applies here. The whisky is in court (and appellants will have an opportunity for a hearing before its destruction), and the writ has served its function and passed out of the case, and other questions then arise.

The case went to the jury upon the theory that the issue made by section 5139 of Kirby's Digest was the only issue in the case, and that such section was applicable to this action. That question was fought out before the jury, and its finding in effect was that the whisky was shipped into DeWitt for sale contrary to the local option law. And there is sufficient evidence to sustain the finding of the jury upon that point. Whether that

section is applicable to this action is a matter not properly raised.

Objections were made to some of the instructions; but the appellants have not set out the instructions, as required by the rules of practice, in their abstract, and it is not the duty of the court to explore the record for the purpose of finding errors therein. *Koch* v. *Kimberling,* 55 Ark. 547; *Ruble* v. *Helm,* 57 Ark. 304; *Shorter University* v. *Franklin,* 75 Ark. 572.

There is another reason why the instructions can not be considered. What purports to be the instructions given and refused is in the transcript, but not in the bill of exceptions. The only instruction shown by the bill of exceptions is the oral charge, which was upon the nature of replevin as a possessory action and upon the credibility of witnesses; and no exception was taken to any part of it.

Judgment affirmed.