SILOAM SPRINGS *v.* BROYLES.

Opinion delivered July 13, 1908.

APPEAL—SUFFICIENCY OF ABSTRACT.—Where appellant insists that the trial court erred in its finding of facts, his abstract should set out a succinct statement of the testimony of each witness, referring to the pages of the transcript where such testimony may be found; it not being sufficient to give merely the conclusion of appellant's counsel as to the effect of such testimony.

Appeal from Benton Chancery Court; *James F. Read,* Special Chancellor; affirmed.

### STATEMENT BY THE COURT.

This suit was brought by appellees in the Benton Chancery Court against appellants to restrain them from obstructing a certain street in the city of Siloam Springs by "erecting, maintaining and continuing to maintain an alleged eight-foot cement sidewalk in the center of the street. Appellees allege that they are abutting owners, and that the sidewalk, as constructed and maintained, is an irreparable hindrance and damage to the property of the appellees, that it is without authority of law, and in violation of the ordinance of the city of Siloam Springs; that by the maintenance of the sidewalk as alleged the convenient use of appellee's property is materially impaired and the market value depreciated. Appellees prayed that appellants be restrained from completing and maintaining the sidewalk in the center of the street, and prayed for an order to have same removed to the east side and placed as provided by the ordinance of the city of Siloam Springs.

Separate answers were filed by the city and other appellants, who were made parties defendant to the suit, in which, among other things, the appellants denied that appellees were abutting owners; denied that the sidewalk was constructed and maintained without authority of law, and in violation of the ordinances of the city; denied that it was an obstruction to any part of the public street; denied that appellees had any special interest in the matter, and that their property or any other property has been impaired, or its value depreciated. On the other hand, it is alleged that the pavement is a public necessity, and was constructed, at the request of a large number of property owners, who had no safe way of traveling the street from the southwestern part of the city down to the business section.

It is alleged that the street by the laying of this pavement is more accessible to teams as well as foot passengers, and that it was calculated for the travel of wagons as well as foot passengers.

It is not denied that the sidewalk was laid, and was being laid in the center of the street, but it was alleged that the eight-foot

sidewalk or pavement as constructed, and to be constructed, was on a level with the grade of the street for the general good, etc.

The decree recites that the cause came on to be heard upon the complaint, the answers, the depositions and exhibits, "and the court finds the sidewalk so laid to be a nuisance, and orders the removal of the pavement already constructed and enjoins its further construction."

*Tom Williams,* for appellants.

*R. F. Forrest* and *Walker & Walker,* for appellees.

WOOD, J., (after stating the facts). We are confronted, *in limine,* with the question raised by appellees as to whether the judgment should be affirmed for a failure to comply with rule nine of this court. It can readily be seen from so much of the pleadings as we have set forth that the issues involved were mainly of fact. The court found that the pavement, as already constructed, and as contemplated, and in process of construction, "was a nuisance." It is impossible for this court to determine whether the court erred in this finding without a complete abstract of the evidence or the facts upon which the finding was based.

The appellants' abstract the evidence as follows: "Appellants have shown by fifty-five witnesses that the pavement as laid does not obstruct the street for the free use of foot passengers, teams, and vehicles of all kinds or any part thereof, the witnesses being competent to testify, showing a full knowledge of that of which they speak. They include the mayor of the city, street commissioner, the city marshal, road overseer of the township, chief of the fire department, draymen, liverymen, teamsters, and all of the property owners living in the vicinity of the street in controversy, save the two plaintiffs, and the testimony of all these witnesses shows without exception that the pavement is not an obstruction, and it does not damage any person or property; that it is a necessary improvement; that the hill upon which the pavement is laid is much more convenient for the safe travel of foot passengers, buggies and wagons, loaded teams and fire department than it could possibly have been made without the construction of the pavement; that the street is so

situated, and the lay of the ground in that part of the city is such, as to make it absolutely necessary that it be retained for the safety and convenience of the general public. We call special attention to the evidence of Connelly Harrington, chief of the fire department, who states that he has been chief of the fire department ever since the waterworks were put in, and that it is a part of his duties to make a study of the proper means and ways to quickly go to any part of the city in case of fire with the fire wagon, and that the pavement upon this hill is perfectly safe to travel over with wheeled vehicles of all kinds, going either up or down and to take the fire department over, and that the pavement is not an obstruction to travel of any kind upon that hill. We also call attention to the evidence of C. R. Stout, street commissioner of Siloam Springs, whose testimony is practically the same; also N. C. Moore, road overseer; Dr. J. T. Clegg; Dr. H. H. Canfield; drayman L. D. Leflar; J. E. Warnick; B. D. Beshear; R. J. Allen; Fred Bartell; J. E. Porter, city marshal, and Mrs. Jennie Sparks; the testimony of· which is complete, and shows that there is no obstruction, and that there is no damage to any property, and their testimony is fully corroborated by the testimony of the remainder of the witnesses."

This abstract only purports to set out what one witness states, to-wit: "That the pavement upon this hill is perfectly safe to travel over with wheeled vehicles of all kinds, going either up or down, and to take the fire department over, and that the pavement is not an obstruction to travel of any kind upon that hill." This testimony is rather the conclusion of the witness, than a statement of the facts upon which the conclusion was reached. It does not describe how the sidewalk was constructed, give dimensions, location, etc. The residue of the abstract is the mere opinion of counsel as to what the evidence shows, without giving an abstract of any facts testified to by the witnesses, by which we may determine whether or not the conclusion of counsel is correct. No page of the transcript is referred to where the judges may readily turn to the testimony of the witnesses designated. The conclusion of the court below on the facts differs from the conclusion of counsel here, and it is the counsel's duty in the abstract of the facts to show that the court was in error, by a succinct statement of the facts them-

selves, rather than by his opinion of what the facts show. This abstract does not relieve the judges of the time and labor of exploring the transcript of the record in order to ascertain the facts.

We have decided in many recent cases, under rule nine, that we would not do that. *Carpenter* v. *Hammer,* 75 Ark. 547; *Koch* v. *Kimberling,* 55 Ark. 547; *Ruble* v. *Helm,* 57 Ark. 304; *Rosewater* v. *Schwab Clothing Co.,* 58 Ark. 448; *Savage* v. *Lichlyter,* 59 Ark. 1; *Neal* v. *Brandon,* 74 Ark. 320; *Shorter University* v. *Franklin,* 75 Ark. 571; *St. Louis, I. M. & S. Ry. Co.* v. *Boyles,* 78 Ark. 377; *St. Louis, I M. & S. Ry. Co.* v. *Evans,* 80 Ark. 19, 23; *Jonesboro, Lake City & Eastern Rd. Co.* v. *Chicago Portrait Co.,* 81 Ark. 327; *Stewart* v. *Bobo,* 81 Ark. 66; *O'Neal* v. *Parker,* 83 Ark. 133; *Wallace* v. *St. L. I. M. & S. Ry. Co.,* 83 Ark. 359.

The abstract of appellants in the particular indicated is fatally defective. The judgment must therefore be affirmed for a failure to comply with rule nine.