ABRAMS *v.* HOFF.

Opinion delivered May 23, 1927.

1. APPEAL AND ERROR—QUESTION REVIEWED.—Alleged error in refusing to remand a cause from the circuit court to the chancery court will not be reviewed, in the absence of a bill of exceptions, where the appellant did not elect to stand on the issues joined by the pleadings, but proceeded to trial in the circuit court.

2. APPEAL AND ERROR—PRESUMPTION IN FAVOR OF JUDGMENT.—In the absence of a bill of exceptions and·the testimony, it is presumed on appeal that the verdict and judgment against appellant were proper, where the appellant failed to stand on the issues raised by the pleadings and proceeded to trial.

Appeal from Pulaski Circuit Court, Third Division; *Marvin Harris,* Judge; affirmed.

*James E. Hogue,* for appellant.

*Wallace Townsend,* for appellee.

SMITH, J. Appellant filed in the chancery court a complaint containing the following allegations: Plaintiff owns two lots, upon which she resides, in the city of Little Rock, having a total value of $5,100. That, on or about September 20, 1924, the servants, agents and employees of Improvement District No. 364 of the city of Little Rock caused a sewer pipe about three feet in diameter to be laid across plaintiff's lots, extending through and across the front yard of her home. That in laying the pipe the district destroyed the sodded lawn, cracked the concrete walk, and disfigured the yard, to the great depreciation of the value of the property and to the jeopardy and injury of the health, comfort and happiness of plaintiff herself. That the laying of said pipe resulted in the accumulation of surface water on said lots, which plaintiff has been forced, at great expense, to drain. That the earth has caved in around the pipe, and noxious vapors and odors are emitted therefrom, all of which constitute a nuisance. That, in the absence of plaintiff, and without her consent, the improvement district entered upon the lots and used the residence thereon as a shelter for the workmen engaged in laying the pipe, and these workmen damaged the plastering of the house

and did other damage amounting to a thousand dollars, for which plaintiff has been paid no compensation. Wherefore plaintiff prayed that a mandatory injunction be issued requiring the improvement district to remove the pipe from the premises and to restore the premises to its former condition, and that she have judgment for a thousand dollars to compensate her for the damages sustained to the lots and the house.

The answer filed by the improvement district denied each and all of the allegations of the complaint, and also denied that any surface water had been diverted on the plaintiff's property, but alleged, on the contrary, that the district had greatly benefited her property "by carrying underground the large volume of water which theretofore ran across the surface of said lots," thereby greatly benefiting plaintiff's property.

The decree of the chancery court recites that, when the cause came on for hearing, it appeared from the pleadings that plaintiff was not entitled to an injunction, and the cause was transferred to the circuit court for the adjudication of the question of damages. Plaintiff excepted to this action of the chancery court, and in the circuit court moved to remand the cause to the chancery court, which motion was denied, and plaintiff excepted to that ruling. Thereafter a trial was had in the circuit court before a jury, and a verdict was returned in favor of the defendant, and from the judgment pronounced on this verdict is this appeal.

There is no bill of exceptions in the case, and we have before us none of the testimony heard at the trial in the circuit court. Plaintiff insists, however, that there is error appearing upon the face of the record which renders a bill of exceptions unnecessary, the error being the action of the chancery court in transferring the cause to the circuit court and the refusal of that court to remand the cause to the chancery court.

Appellant insists that the improvement district, without authority of law, entered upon her property and constructed the sewer pipe complained of. It does not

appear, however, from the record before us that such is the case. We do not know the boundaries of the district, nor the plans of the improvement. There has been a trial of this action in a court of law, and a verdict and judgment against plaintiff there. So far as we know to the contrary, the district may have had the right to enter upon the lots of appellant, or may, in some manner, have acquired that right from her, and may have done her no damage in the exercise thereof.

Plaintiff did not elect to stand upon the issues joined by the pleadings in the chancery court, as she might have done. It is true she moved to remand, but she did not stand upon that motion. Upon the contrary, she went to trial in the circuit court, and, in the absence of any showing as to what proceedings were had at that trial, it must be conclusively presumed that the defendant did not wrongfully enter upon plaintiff's property, or, if so, that she was in some manner compensated for any injury occasioned thereby.

The judgment of the circuit court must therefore be affirmed, and it is so ordered.