HAMPTON *v.* DODD.

Opinion delivered October 5, 1931.

*W. M. Thompson,* for appellants.

*McCaleb & McCaleb,* for appellees.

HUMPHREYS, J. Appellant brought ejectment in the circuit court of Independence County against appellees to recover lots 1 and 2, block 61, in the School Addition to the city of Batesville, Arkansas, in which he relied upon a tax title purchased from the State as a basis of the action. It was alleged in the complaint that the lots were forfeited and purchased by the State for the non-payment of the taxes of 1926, and that appellant bought them from the State in March, 1930; that appellees were in possession of the lots and refused to vacate same after notice and demand to do so. These allegations were followed by a prayer for possession and rents.

Appellees answered, attacking the validity of appellant's tax title upon the following grounds:

First, because the tax collector did not file with the clerk of the county court by the second Monday in May the list of delinquent taxes required by § 10,082 of Crawford & Moses' Digest.

Second, because the clerk of the county court did not, prior to the thirteenth day of June, 1927, make any record

of certification of the publication of the advertisement of said sale, required by § 10,084 of Crawford & Moses' Digest.

The cause was submitted to the court sitting as a jury upon the pleadings and testimony introduced by the parties from which it was found that appellant's tax title was void for the reasons set out in appellee's answer and upon which finding appellant's complaint was dismissed, from which is this appeal.

It must be presumed on appeal that the finding and judgment were correct unless some error appears on the face of the record as the testimony adduced on the trial has not been brought into the record by a bill of exceptions.

It is argued by appellant that the officers were excused from complying with §§ 10,082 and 10,084 of Crawford & Moses' Digest because on the 8th day of April, 1927, the Governor of the State of Arkansas issued and filed in the office of the Secretary of State a proclamation extending the day for the payment of taxes until the second Monday in June, 1927. Such proclamation postponed the date of payment and relieved the property owners from penalties for failure to pay same, but did not suspend the mandatory duties imposed upon the officers by said sections preliminary and prerequisite to selling the lands for nonpayment of taxes.

It is also argued by appellant that the decisions of this court construing said sections to be mandatory were rendered prior to the passage of act 129, p. 693 and act 296, p. 1235 of the Acts of the General Assembly of 1929. Neither of the acts referred to undertook to amend or repeal §§ 10,082 or 10,084 of Crawford & Moses' Digest.

No error appearing, the judgment is affirmed.