PARRISH *v.* PARRISH.

4-3990

Opinion delivered October 14, 1935.

*V. D. Willis,* for appellants.

*Shouse & Walker,* for appellee.

BUTLER, J. The appellant, J. W. Parrish, and the appellee, Fannie B. Parrish, became husband and wife a number of years prior to 1928. Their married life was spent on appellant's farm until the year last named. Four children were born to the union, three of whom were living in 1928. In order that these children have a high school education, it became necessary to send them away to school. Mrs. Parrish moved with them to a town where there was a good high school, a house was rented, and she lived there with the children, keeping house during the four years they were at school. Subsequent to this, Mrs. Parrish brought suit against J. W. Parrish, alleging that he had abandoned her; that she had no separate property of her own, and praying for separate maintenance, suit money and attorney's fees. J. W. Parrish answered, denying the allegations of the complaint, and, by way of cross-complaint, alleging desertion and praying for a divorce. Thereafter, Mrs. Parrish filed an amendment to her complaint, alleging that subsequent to the filing of her complaint, a few days before the date set for the hearing of the cause, J. W. Parrish and his

father, L. W. Parrish, conspiring together for the purpose of defrauding her and hindering and delaying her in the collection of such sums of money as may be due her by J. W. Parrish, negotiated and effected a mortgage conveyance. By this conveyance, J. W. Parrish conveyed to his father all of his personal property. Renewing the prayer of her original complaint, Mrs. Parrish asked that said mortgage conveyance be set aside.

On September 5, 1934, the court heard the cause on the original complaint, answer and cross-complaint. The court found that the plaintiff, Fannie Parrish, was not entitled to a division of the property, but should be allowed a reasonable monthly sum to be paid by defendant for her support, which sum was fixed at $25 a month; that she be allowed the sum of $15 as attorney's fee, together with the costs of the suit which had accrued, and denied the prayer of defendant's cross-complaint for divorce. On October 10, 1934, Mrs. Parrish filed a pleading in which she represented that the defendant had failed to comply with the orders of the court with respect to the sums adjudged due her for support and attorney's fee, whereupon a citation was issued directing the defendant to appear and show cause why he should not be adjudged in contempt. Defendant responded to the citation, setting up his inability to make the payments adjudged, and that his failure to pay the same was not a willful disobedience of the orders of the court.

On December 5, 1934, the cause came on for hearing on the contempt proceedings and also upon the issues raised by the amendment to the complaint and the answer of defendant thereto. On this branch of the case the cause was submitted on the testimony of J. W. Parrish in open court, the original and amended complaint, answer of the defendant, J. W. Parrish, to the original complaint, answer of J. W. Parrish and L. W. Parrish to the amended complaint, the depositions of J. W. Parrish, Sam Parrish, Frank Andrews, J. S. Chaney and L. W. Parrish and Emma Taylor, the testimony of Mrs. Fannie Parrish, and the testimony taken on the submission of the case for separate maintenance and the cross-com-

plaint of J. W. Parrish. The hearing resulted in the decree of September 5, 1934, the court finding that, after plaintiff had filed her cause of action against the defendant, "said defendant executed a chattel mortgage to the defendant, L. W. Parrish, by which he conveyed all of his personal property (description set out), * * * that said conveyance was made for the purpose of cheating, hindering and delaying the demands and claims of plaintiff in this action with knowledge on the part of each defendant that this action was pending in this court, and that the same should be set aside and said properties subjected to execution for the satisfaction of plaintiff's demands herein." A decree was entered in accordance with the findings of fact, from which is this appeal. L. W. Parrish having died pending the appeal, the cause as to him was revived and the appeal prosecuted in the name of his widow and heirs at law.

The action on the contempt proceedings was passed for thirty days and is not involved in this appeal.

It is first contended that the issues raised by the amendment to the original complaint were concluded by the decree of the trial court rendered September 5, 1934. That decree was merely on the issues raised by the original complaint and cross-complaint of defendant, J. W. Parrish, and did not attempt to settle the issue raised by the amended complaint relating to the mortgage of J. W. to L. W. Parrish. The cause of action stated in the amendment to the original complaint was wholly distinct from that in the original complaint and from that in defendant's cross-complaint. The question of the mortgage conveyance was not disposed of or referred to in the decree of September 5, 1934, and stood continued as a matter of course without the necessity of a formal order. 13 C. J. 129, § 13; *Moreland* v. *Pelham,* 7 Ark. 338; *Stone* v. *Robinson,* 9 Ark. 469; *Carley* v. *Barnes,* 11 Ark. 291.

It is next contended that the finding that the mortgage was executed for the purpose of cheating, hindering and delaying appellee in the collection of the sums awarded to her was not supported by the evidence. Sec-

tion 4874, Crawford & Moses' Digest, provides: "Every conveyance * * * made or contrived with the intent to hinder, delay or defraud creditors or other persons of their lawful actions, damages, etc., * * * as against creditors * * * shall be void."..

It is the contention of J. W. Parrish that the conveyance to his father was *bona fide* and made to secure a valid and pre-existing indebtedness. It appears from his testimony, however, that the primary purpose was to prevent his wife from collecting the sums awarded her by the trial court. L. W. Parrish admitted that he knew of the differences which had arisen between his son and his wife, and also knew that she had instituted an action for separate maintenance. Conveyances between near relatives are looked upon with suspicion, and, while not of themselves sufficient to establish fraud, they may furnish evidence sufficient to justify a court in setting them aside, where there are other suspicious attendant circumstances. *Dyer* v. *Taylor,* 50 Ark. 314, 7 S. W. 258; *Simon* v. *Reynolds-Davis Grocery Co.,* 108 Ark. 164, 156 S. W. 1015.

From an examination of the decree from which this appeal comes it will be observed that the case was submitted on the testimony of a number of witnesses, among whom were Sam Parrish, Frank Andrews, J. S. Chaney and Mrs. Fannie B. Parrish. The appellant has failed to abstract the testimony of any of the witnesses except that of J. W. Parrish and L. W. Parrish. It is a rule of practice, early announced and consistently adhered to, that, where evidence heard by the trial court is not abstracted, it will be presumed in this court on appeal that the finding of the trial court was sustained by sufficient evidence. *Savage* v. *Lichlyter,* 59 Ark. 1, 26 S. W. 12; *Rural Single School District* v. *Lake City Special School District,* 144 Ark. 362, 222 S. W. 716; *Wilkerson* v. *Fudge,* 176 Ark. 11, 1 S. W. (2d) 801. Under this rule we must presume that there was evidence sufficient to sustain the finding and decree of the trial court, which is therefore affirmed.