DAVIS v. FAULKNER RADIO SERVICE COMPANY.

4-6125                                                145 S. W. 2d 713

Opinion delivered December 16, 1940.

*G. E. Snuggs* and *Silas W. Rogers,* for appellant.

*Wayne Jewell,* for appellee.

HUMPHREYS, J.    This is an appeal prayed by appellants to the Supreme Court before the clerk thereof and which was granted by the clerk on July 10, 1940, from a judgment rendered against them in favor of appellee in the 2nd division of the Union county circuit court dismissing the intervention of George W. Davis for the property involved and entering judgment in favor of appellee against appellant, Tom Davis, in the sum of $821.62 and allowing a credit thereon for the value of the property seized in the proceeding under the Sales Act (Pope's Digest, §§ 11422-11425, inclusive) it having been turned over to appellee after it was attached and at the value of $571.50 without in any way prejudicing

the right of the litigants and adjudging that appellee have judgment for a balance of $252.01 and adjudging that the garnishee, Henry Carroll, was indebted to appellant, Tom Davis, in the sum of $250 and ordered him to pay same into the registry of the court, which was done.

This judgment resulted from a trial of the cause upon the issues joined in the pleadings, the evidence introduced before a jury and the instructions given to the jury by the court.

No time was requested for presenting and filing a bill of exceptions and none seems to have been filed, as under the prayer for appeal nothing except the pleadings, exhibits and stipulation as to the value of the property seized under the proceedings has been brought up to this court.

According to the complaint the suit was brought by appellee against appellant, Tom Davis, to recover the unpaid purchase price of a refrigeration unit installed in his place of business, it being alleged that he had refused payment and otherwise breached his contract.

Appellant, Tom Davis, filed an answer denying that he had breached the contract and among other things alleged that the refrigeration unit purchased by him was defective and would not and did not perform the services intended by the parties to the contract.

The main issue in the case was whether appellant, Tom Davis, breached the contract or whether appellee breached same and whether the contract price should be reduced on account of the defective refrigeration unit.

The jury seems to have reached the conclusion that appellant, Tom Davis, breached the contract, and that the machinery or unit sold to him was not defective.

No contention is made that the evidence introduced in the case was not sufficient to support the verdict and consequent judgment under the instructions as to the law applicable to the issues as given by the court.

It seems that the court prepared and delivered to the jury forms of verdicts and appellant, George W.

Davis, contends that the issues as to his rights were not considered by the jury because the form of verdict furnished the jury by the court involving the issues presented by his intervention was returned to the court unsigned. The form of the verdict was as follows: "We, the jury, find for the intervener, George W. Davis, against the garnishee in the sum of two hundred and fifty dollars ($250)."

The refusal of the jury to sign this verdict was an expression on its part that the intervener was not entitled to recover the funds held by the garnishee and which he claimed belonged to him.

The verdict which the jury signed was as follows: "We, the jury, find for the plaintiff, (appellee) against the defendant (appellant, Tom Davis), in the sum of eight hundred and twenty-one dollars and sixty-two cents ($821.62), and against the garnishee, Henry Carroll, in the sum of two hundred and fifty dollars, ($250)."

Since the issues involved were submitted to a jury under instructions of the court, and since no bill of exceptions was filed, the rule is that the court will presume on appeal that the evidence was legally sufficient to support the verdict, and that the case was submitted on correct instructions. *Abrams* v. *Hoff,* 174 Ark. 144, 294 S. W. 389; *Hampton* v. *Dodd,* 184 Ark. 287, 42 S. W. 2d 224; *Young* v. *Pumphrey,* 191 Ark. 98, 83 S. W. 2d 84; *Parrish* v. *Parrish,* 191 Ark. 443, 86 S. W. 2d 557.

In the absence of a bill of exceptions this court is unable to determine the facts upon which the suit was based and finally submitted to the jury, or to determine whether it was submitted under incorrect instructions, so we are driven to indulge the presumption that there was sufficient evidence to support the verdict, and that the jury was correctly instructed as to the law applicable to the facts reflected by the evidence introduced in the case.

No error appearing, the judgment is affirmed.