CACTUS DISTRIBUTING CO. of Phoenix, Arizona *v.*
STATE of Arkansas

5349                                   458 S. W. 2d 149

Opinion delivered October 5, 1970

*Stroud, Stroud, McClerkin & Conway,* for appellant.

*Joe Purcell,* Attorney General; *Garner L. Taylor, Jr.,*
Asst. Atty. Gen., for appellee.

*Gary K. Nelson,* Attorney General of Arizona;
*Malcolm P. Strohson,* Asst. Atty. Gen., Amicus Curiae.

FRANK HOLT, Justice. This is an appeal from an
order declaring a shipment of liquor to be contraband
and directing its confiscation and sale.

Appellant is an Arizona corporation, having its principal place of business in Phoenix. It is licensed by the State of Arizona as a wholesale liquor distributor, and is also licensed by the State of Kentucky to purchase liquor from distilleries located there. Having ordered, in its regular course of business, a shipment of liquor from a Kentucky distillery, appellant entered into its customary written agreements with two Phoenix companies, Temco Truck Rental and Continental Drivers Service, whereby the former was to furnish a truck and the latter was to provide certified truck drivers for the transportation of the shipment from Kentucky to Arizona. By subsequent verbal agreements, Temco procured the use of a semi-trailer truck owned by a resident of Tennessee, and Continental arranged for Mr. Harry Landrith, also of Tennessee, to drive the rig. The driver and the rig were located near the origin of shipment.

Prior to shipment, tax stamps were placed on each bottle as required by federal law; and, on October 23, 1969, the liquor having been loaded into the trailer rig, Landrith began the haul from Kentucky to Arizona. The following day, the truck was stopped in Hempstead County, Arkansas, a dry county, for failure to have a vehicle permit for the transportation of liquor as required by Ark. Stat. Ann. § 48-404 (Repl. 1964). The shipment of liquor (997 cases having an estimated value of $40,000) was seized in accordance with §§ 48-925, -926. Appellant, as owner of the seized liquor, filed a petition for its release in the Municipal Court of Hope, Arkansas, as authorized by § 48-927. A hearing was held which resulted in an order declaring the shipment contraband and directing its sale as specified in § 48-929. Pursuant to § 48-928, an appeal was lodged in the Circuit Court and from that court's affirmance of the confiscation order comes this appeal.

For reversal, appellant asserts numerous arguments. However, in the circumstances of this case, we deem it necessary to discuss only whether the confiscation of the shipment constitutes an unreasonable burden on interstate commerce.

A vehicle permit ($50.00) had not been secured from Arkansas authorities. Therefore, appellant's shipment did not enjoy exempt passage through Arkansas and Landrith, driver of the truck, was properly apprehended and fined for being in possession of 997 cases of liquor in a dry county in violation of § 48-922.1. From these facts a rebuttable presumption arose that the liquor was to be illegally diverted into Hempstead County. Section 48-922. Consequently, seizure of the shipment was appropriate.

At the hearing to determine the propriety of the confiscation and sale, however, undisputed testimony from various witnesses established that appellant was duly licensed in Kentucky and Arizona and had met all federal license requirements; that for the past three years it had ordered and received cross-country shipments of liquor at least once each month; that this particular shipment was for distribution during the winter holidays and constituted approximately 40% of appellant's annual business; that appellant's prior purchases had never been transported in violation of any state or federal law; that it was the responsibility solely of Temco Truck Rental, an independent contractor, to determine the transportation route and to secure any necessary permits; that Landrith had been expressly directed by Temco not to drive through Arkansas; that the driver was the employee of Continental Driver Service, an independent contractor, under the agreement entered into between Cactus and Continental; that the rental company and driver service both agreed to observe all state laws; that in previous hauls which Temco had arranged for appellant, the designated truck routes were always followed and that here the driver had disobeyed instructions. There was also evidence to the effect that appellant would not have been able to secure a liquor transport permit itself since it is the policy of the Director of Alcoholic Beverage Control to issue such a permit only to the owner of the transporting vehicle. In view of these facts, it is obvious that an extremely harsh penalty has been imposed upon appellant in this interstate shipment, for a violation which was beyond

its control, and despite its good faith efforts to comply with state and federal laws.

It is well established that a state may require, under penal sanction, the purchase of a permit as a prerequisite to the lawful transportation of alcoholic beverages through its territory. *Duckworth* v. *State,* 201 Ark. 1123, 148 S. W. 2d 656 (1941), aff'd, *Duckworth* v. *Arkansas,* 314 U. S. 390 (1941). This permit requirement like other liquor laws, is designed to prevent the illegal distribution or use of alcoholic beverages within the state. Effective enforcement of such statutes may in some instances justify or even compel confiscation of the alcoholic contraband. *Ziffrin, Inc.* v. *Reeves,* 308 U. S. 132 (1939); *Chambless* v. *Cannon,* 81 F. Supp. 885 (W. D. Ark. 1949); *Welborn* v. *Morley,* 219 Ark. 569, 243 S. W. 2d 635 (1951). This sanction of confiscation is more than a mere penalty incidental to the valid exercise of a state's police power; it is the most efficient method for a state to assure that liquor illegally brought into its territory will not be unlawfully diverted or used therein. However, the application of such a penalty must be reasonable, and this requirement must be tested by the facts in each particular case.

In the case at bar, appellant conscientiously endeavored to comply with all the state and federal laws affecting the purchase, interstate transportation, and ultimate distribution of the seized shipment. The evidence clearly indicates that each of the 997 cases of liquor was destined for, and would have been delivered to, Phoenix, Arizona for lawful purposes. Therefore, confiscation in the instant case is not justified for purposes of punishment. Furthermore, appellant's obvious attempt to comply with the regulations of the various states through which its shipment was to be transported is sufficient, in the particular circumstances of this case, to rebut the presumption (§ 48-922) that the liquor was intended for unlawful diversion in the county wherein it was seized. In *Duckworth* v. *Arkansas, supra,* the United States Supreme Court upheld this permit device and its penal sanction, which in that case was simply a fine, stating:

"It does not forbid or preclude the transportation, or interfere with the free flow of commerce among the states beyond what is reasonably necessary to protect the local public interest in preventing unlawful distribution or use of liquor within the state."

Similarly, in *Ziffrin, Inc.* v. *Reeves, supra,* the confiscation of liquor was upheld as a legitimate exercise of a state's police power because there seizure of the contraband was "* * * clearly appropriate for effectuating the policy of limiting traffic in order to minimize well-known evils * * *." In the case before us, however, confiscation is not appropriate to accomplish the valid objectives of the statute. This sanction, as applied here, constitutes an excessive exercise of police power and, as such, creates an unreasonable burden on interstate commerce.

The judgment is reversed and the cause remanded with directions for proceedings not inconsistent with this opinion.